IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| MARTY JOHN HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 315-108 |
| ) | |
| DAVID BOATWRIGHT, ) | |
| Deputy; CHRIS STEVENSON, Sheriff; ) | |
| and TELFAIR COUNTY ) | |
| SHERIFF'S OFFICE, ) | |
| ) | |
| Defendants. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff commenced the above-captioned civil rights case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On December 15, 2015, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty days and advised Plaintiff that all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Plaintiff was cautioned that failure to respond would be an election to have this case voluntarily dismissed without prejudice. (See doc. no. 3.) The time to respond has passed, and Plaintiff has not submitted the documents required by the Court's December 15th Order, nor has he provided the Court with any explanation why he has not complied.

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account

Statement and consents to collection of the entire $350.00 filing fee in installments.  <u>Wilson v. Sargent</u>, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (citing 28 U.S.C. § 1915).  Plaintiff has been warned that failing to return the necessary IFP papers would be an election to have his case voluntarily dismissed.  As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the filing fee, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 23rd day of February, 2016, at Augusta, Georgia.

*[Signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA